UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHILDREN'S LEUKEMIA
FOUNDATION OF MICHIGAN
a Michigan non profit corporation,

       Plaintiff,

v.

CHILDHOOD LEUKEMIA
FOUNDATION INC.
a New Jersey non profit corporation,

       Defendant.
_____/

Case No.

Hon.

BUTZEL LONG, a professional corporation
Claudia Rast (P40165)
Jennifer Dukarski (P74257)
Christina Nassar (P75781)
301 E. Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Children's Leukemia Foundation of Michigan, ("Plaintiff" or "CLF") by its attorneys, and as and for its Complaint for Injunctive Relief and Damages against Defendant Childhood Leukemia Foundation Inc. ("Defendant") states as follows:

# PARTIES

1. Plaintiff, Children's Leukemia Foundation of Michigan, is a Michigan non-profit corporation located in Troy, Michigan.  Children's Leukemia Foundation of Michigan is a statewide organization that provides information, financial assistance and emotional support to Michigan families affected by leukemia, lymphoma and related blood disorders.  **Exhibit A**, CLF Website.

2. Defendant, Childhood Leukemia Foundation Inc., is a New Jersey non-profit corporation located in Brick, New Jersey and a registered agent in East Lansing, Michigan.  Childhood Leukemia Foundation seeks to assist children and families living with cancer by assisting them in managing their care and improving their quality of life.  **Exhibit B**, Childhood Leukemia Foundation Website.

# JURISDICTION AND VENUE

3. This is an action for trademark infringement, false designation of origin, and false advertising arising under sections 32 and 43 of the Lanham Act, 15 U.S.C. §§1114 and 1125, and for related claims of common law trademark infringement and unfair competition under Michigan law.  This court has subject matter jurisdiction over the claims that relate to the Lanham Act pursuant to the provisions of 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338.

4. This court has supplemental jurisdiction over the claims in this Complaint that arise under the law of Michigan, pursuant to §1367(a), because the

state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

5.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1391(b).

## CLF'S VALUABLE INTELLECTUAL PROPERTY

6.     CLF has developed a unique brand and has sought protection of its valuable intellectual property.  To identify the source, origin and sponsorship of the products and services offered, CLF has extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin.

7.     Plaintiff has been using the CLF Mark in interstate commerce since January, 1961.  By virtue of this use Plaintiff is the owner of all common law trademark rights in the mark.

8.     Plaintiff owns a United States trademark registration for CLF, which is registered on the Principal Register of the United States Patent Office.  The registration number is 2,857,880.  A true and correct copy of this registration is attached to this Complaint as **Exhibit C**.  The registration is in full force and effect, and the mark has at all times been owned exclusively by Plaintiff.

9.     Plaintiff's Mark, CLF, is registered for trademark classes 35 (promoting awareness of the needs of individuals with leukemia, lymphoma, and related blood disorders, and their families), 36 (charitable fundraising services in

the fields of leukemia, lymphoma, and related blood disorders; financial sponsorship of sending children to summer camp; emergency financial assistance, reimbursement for travel costs to treatment centers, and reimbursement for chemotherapy drugs to individuals diagnosed with leukemia, lymphoma, and related blood disorders) and 45 (support services in the nature of case management services, namely, coordination of social and psychological services for individuals with leukemia, lymphoma, and related blood disorders, and their families).

10. Children's Leukemia Foundation of Michigan has given notice to the public of the registration of the CLF Mark as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure Children's Leukemia Foundation of Michigan remains the exclusive user of the CLF Mark.

11. Plaintiff has been using the Children's Leukemia Foundation of Michigan Mark in interstate commerce since January, 1952. By virtue of this use Plaintiff is the owner of all common law trademark rights in the mark.

12. Plaintiff owns a United States trademark registration for CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN, which is registered on the Principal Register of the United States Patent Office. The registration number is 2,861,881. A true and correct copy of this registration is attached to this Complaint as **Exhibit D**. The registration is in full force and effect, and the mark has at all times been owned exclusively by Plaintiff.

13. Plaintiff's Mark, CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN, is registered for trademark classes 36 (charitable fund raising services), 41 (special events services in the nature of conducing and arranging field trips and arranging ticket reservations for shows and other entertainment events), and 42 (special events services in the nature of customized gift packages containing holiday toys).

14. Children's Leukemia Foundation of Michigan has given notice to the public of the registration of the CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure Children's Leukemia Foundation of Michigan remains the exclusive user of the CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark.

### DEFENDANT'S USE OF CLF'S PROPERTY

15. On or around August 15, 2015, Plaintiff learned that Defendant was using the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark or a similarly confusing variation as its name in connection with their services. **Exhibit B**.

16. Defendant has used the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark or a similarly confusing variation as its name as domain names including: https://www.clf4kids.org/. **Exhibit B**.

17. Defendant has used the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark or a similarly confusing variation as its name on its website and in social media, including, but not limited to Facebook, Instagram and Twitter that include: https://www.facebook.com/ChildhoodLeukemiaFoundation/; https://twitter.com/clf4kids; https://instagram.com/clf4kids/. **Exhibit E,** Social Media Uses.

18. The services provided by the Defendant under the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark or a similarly confusing variation are related to the same services registered by CLF.

19. The Defendant utilizes the same marketing channels as CLF, including, but not limited to the internet and social media.

**DEFENDANT'S USE OF CLF'S PROPERTY HAS LED TO CONFUSION**

20. Defendant's conduct has led to actual confusion, including confusion by officials within the State of Michigan.

21. On September 8, 2015, Michigan Attorney General Bill Schuette issued an order demanding the Childhood Leukemia Foundation Inc. "cease and desist its harassing phone calls to Michigan residents." **Exhibit F**, Michigan Attorney General's Website. (Available at http://www.michigan.gov/ag/0,4534,7-164-46849-364191--,00.html)

22. Michigan Attorney General Bill Schuette continues to allege that Defendant "has filed false and misleading financial statements that drastically overstate CLF's charitable activities and masks that 80-90% of CLF's donations go to fundraising costs, not children. Schuette intends to bring a civil action seeking fines of up to $10,000 for each of the alleged twenty-one violations of the state charitable solicitations law" thereby identifying Defendant by Plaintiff's registered trademark in the same manner Defendant uses on its website. **Exhibit F**.

23. The Defendant, using the Plaintiff's Marks, has received significant negative attention on internet review sites, including Yelp, asserting that the similarly named entity is "Fraud" or a "completely scumbag organization run by a scumbag leader." **Exhibit G**, Yelp Report.

24. The Defendant, using the Plaintiff's Marks, has received further negative attention from Charity Navigator and other charity assessment tools, with the Defendant receiving a 28.49 out of 100 and a zero star rating for its performance. **Exhibit H**, Charity Navigator.

25. This actual confusion has caused serious and irreparable harm to Plaintiff.

## PLAINTIFF NOTIFIES DEFENDANT OF ITS CONDUCT

26. By letter dated August 31, 2015, Plaintiff, through its counsel, notified Defendant that it was in violation of United States trademark law. The letter also

7

demanded that defendant cease and desist from further use of the CLF Mark, CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN or any similarly confusing variations thereof.

27. By using the marks CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN or the confusingly similar "Childhood Leukemia Foundation" or other confusingly similar variations in violation of Plaintiff's exclusive trademark rights, Defendant is attempting to unfairly profit from the name, reputation, and advertising of Plaintiff. **Exhibit B**.

28. Defendant's conduct causes the likelihood of confusion, mistake, or deception as to whether its products and services originate with or are sponsored, affiliated, or approved by Plaintiff. Furthermore, Plaintiff has no control over the customer service associated with those products and services promoted, sold, or distributed by Defendant.

29. Plaintiff has no adequate remedy at law for the acts of infringement and other unlawful acts complained of herein, which acts have caused and will continue to cause damage and irreparable injury to Plaintiff if Defendant is not restrained by this court from further violation of Plaintiff's rights.

30. Defendant has received actual notice of its violation and infringement of the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks and has constructive notice of Children's Leukemia Foundation of

8

Michigan's rights in the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks and the registrations thereof under 15 U.S.C. § 1072.

31. Defendant's continued infringement is willful, malicious, fraudulent and deliberate.

## COUNT I

## **LANHAM ACT - TRADEMARK INFRINGEMENT**

32. Plaintiff repeats and realleges ¶¶ 1 through 31 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

33. Plaintiff has expended considerable resources marketing, advertising and promoting its goods and services under the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks throughout the United States.

34. Plaintiff's exclusive and extensive use and promotion of the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks has caused the trademark to acquire considerable value and to become extremely well known to the consuming public and trade as identifying and distinguishing Plaintiff exclusively and uniquely as to the source of services to which it is applied.

35. Notwithstanding Plaintiff's statutory right in the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks, with notice of Plaintiff's federal registration rights, and without authorization by Plaintiff,

Defendant has in the past and is continuing to advertise, distribute, offer in interstate commerce goods or services that are substantially similar or identical to the goods or services provided by Plaintiff.

36. Defendant's imitation, copying, and unauthorized use of the CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark by the mere change of words to "CHILDHOOD LEUKEMIA FOUNDATION," is likely to cause, and has caused, confusion, deception, and mistake among the consuming public and trade by creating the erroneous impression that the goods or services sold, offered for sale, distributed or advertised by Defendant have been manufactured, approved, sponsored, endorsed or guaranteed by, or are in some way affiliated with, Plaintiff.

37. By reason of the foregoing, Defendant has committed and is continuing to commit trademark infringement in violation of 15 U.S.C. §1114.

38. Children's Leukemia Foundation of Michigan has no adequate remedy at law because the CLF AND CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Mark is unique and is used represent to the public the Children's Leukemia Foundation of Michigan's identity, reputation, and goodwill, such that damages alone cannot fully compensate Children's Leukemia Foundation of Michigan for Defendant's misconduct.

39. Unless enjoined by the Court, Defendants will continue to use and infringe the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks, to Children's Leukemia Foundation of Michigan's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGN Marks, and to ameliorate and mitigate Plaintiff's injuries.

## COUNT II

## **LANHAM ACT - UNFAIR COMPETITION**

40. Plaintiff repeats and realleges ¶¶ 1 through 39 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

41. Defendant's acts, practices, and conduct constitute unfair competition, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C. § 1125(a).

42. As a direct and proximate result of Defendant's unfair competition, Children's Leukemia Foundation of Michigan has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues, and diminished goodwill.

43. Children's Leukemia Foundation of Michigan has no adequate remedy at law because the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks are unique and represent to the public Children's Leukemia Foundation of Michigan identity, reputation, and goodwill, such that damages alone cannot fully compensate Children's Leukemia Foundation of Michigan for Defendant's misconduct.

44. Unless enjoined by the Court, Defendants will continue to compete unfairly with Children's Leukemia Foundation of Michigan, to Children's Leukemia Foundation of Michigan's irreparable injury. This threat of future injury to Children's Leukemia Foundation of Michigan business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued unfair competition, and to ameliorate and mitigate Children's Leukemia Foundation of Michigan injuries.

## COUNT III

## **LANHAM ACT – FALSE DESIGNATION OF ORIGIN**

45. Children's Leukemia Foundation of Michigan repeats and realleges ¶¶ 1 through 44 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

46. Defendant's conduct constitutes use of false designation of origin, or false representations; wrongfully and falsely designates Defendant's product as

originating from or otherwise being connected with Plaintiff's product; and constitutes the utilization of false descriptions or representations in interstate commerce likely to confuse, mislead, or deceive purchasers or potential purchasers; and constitutes infringement of Plaintiff's trademark, in violation of 15 U.S.C. §1125(a)

47. As a direct and proximate result of Defendant's use of Plaintiff's Marks, Children's Leukemia Foundation of Michigan has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues, and diminished goodwill.

## COUNT IV

### LANHAM ACT – FALSE DESIGNATION OF ORIGIN: CYBERPIRACY AND DOMAIN NAME THEFT

48. Children's Leukemia Foundation of Michigan repeats and realleges ¶¶ 1 through 47 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

49. Defendant's willful and intentional conduct of registering domain names is a bad faith intent to profit from the Children's Leukemia Foundation of Michigan, in violation of 15 U.S.C. § 1125(d).

## COUNT V

## **LANHAM ACT – FALSE ADVERTISING**

50. Children's Leukemia Foundation of Michigan repeats and realleges ¶¶ 1 through 49 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

51. Defendant's conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes false advertising, in violation of 15 U.S.C. § 1125(a)

## COUNT VI

## **COMMON LAW TRADEMARK INFRINGEMENT**

52. Children's Leukemia Foundation of Michigan repeats and realleges ¶¶ 1 through 52 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

53. Defendant's imitation, copying, and unauthorized use of the CLF and CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN Marks is likely to cause, and have caused, confusion, deception, and mistake among the consuming public and trade by creating the erroneous impression that the goods or services sold, offered for sale, distributed, or advertised by Defendant have been manufactured, approved, sponsored, endorsed or guaranteed or in some way affiliated with, Plaintiff.

54. By reason of the foregoing, Defendant has committed and is continuing to commit common law trademark infringement.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

55. Children's Leukemia Foundation of Michigan repeats and realleges ¶¶ 1 through 54 of its Complaint for Injunctive Relief and Damages, as if fully set forth herein.

56. Defendant's conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes common law unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Children's Leukemia Foundation of Michigan respectfully demands the following relief:

A. Declaring that Defendant has engaged in trademark infringement in violation of the Lanham Act; in false designation of origin in violation of the Lanham Act; in false advertising in violation of the Lanham Act; in common law trademark infringement; and in unfair competition in violation of Michigan law.

B. Declaring that Plaintiff is the sole and exclusive owner of the "CLF" and "CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN" trademarks.

C. Ordering that defendant, its offers, directors, agents, servants, employees, attorneys, and any other person in active concert or participation with them, be forthwith permanently enjoined from:

   a. Using, alone or in combination, the name "CLF", "CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN" or any confusingly similar trademark, designation, description, or representation in the sale, distribution, marketing, advertising, or identification of Defendant's goods or services;

   b. Causing likelihood of confusion of the distinctiveness of plaintiff's trademark;

   c. Contacting current or potential donors or recipients in connection with "CLF" or "CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN" or any confusingly similar trademark, designation, or description;

   d. Otherwise infringing Plaintiff's trademark, engaging in false advertising, or in unfair competition with Plaintiff in any manner whatsoever;

D. Ordering that Defendant be required to immediately provide to all of their advertisers, distributors, retailers, suppliers, and all others with whom they do business a copy of the court's injunction order, and otherwise inform them in writing that they must immediately cease, upon pain of contempt of court, the sale, distribution, marketing and advertising of any products or services using Plaintiff's trademarks, or any confusingly similar trademarks.

E. Ordering that Defendant be required to deliver up and destroy all goods, devices, literature, advertising and other material bearing the infringing trademark or other designations.

F. Ordering that Defendant be directed to file with this court and serve on Plaintiff within fifteen days after the service of an injunction, a report, in writing under oath, setting forth in detail the manner and form in which they have complied with the injunction.

G. Awarding Plaintiff Defendant's profits.

H. Awarding Plaintiff three times its damages.

I. Awarding Plaintiff punitive damages.

J. Awarding Plaintiff its attorneys' fees and costs in this suit.

K. Awarding Plaintiff pre-and post-judgment interest.

L. Granting Plaintiff such other and further relief as the court may deem just and proper.

Respectfully submitted,

BUTZEL LONG, a professional corporation

By: /s/Jennifer A. Dukarski
Claudia Rast (P40165)
Jennifer A. Dukarski (P74257)
Christina Nassar (P75781)
Attorneys for Plaintiff, Children's Leukemia Foundation of Michigan

301 East Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
(734) 995-1777(Fax)
rast@butzel.com
dukarski@butzel.com
nassar@butzel.com

Dated:  November 17, 2015