UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHILDREN'S LEUKEMIA
FOUNDATION OF MICHIGAN
a Michigan nonprofit corporation,                    Case No. 15-cv-14035

      Plaintiff,                                    Hon. Stephen J. Murphy, III

v.

CHILDHOOD LEUKEMIA
FOUNDATION INC.
a New Jersey nonprofit corporation,

      Defendant.

---

## DEFENDANT CHILDHOOD LEUKEMIA FOUNDATION, INC.'S ANSWER TO PLANTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND

COMES NOW, Defendant Childhood Leukemia Foundation, Inc., in the above-referenced matter for its Answer to Plaintiff's Complaint, states as follows:

## PARTIES

1.    Answering paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.    Answering paragraph 2 of Plaintiff's Complaint, Defendant admits that Childhood Leukemia Foundation, Inc. is a New Jersey non-profit corporation

20765572.2
20769919.1

located in Brick, New Jersey.  Defendant further admits that it seeks to assist children and families living with cancer by assisting them in managing their care and improving their quality of life.  Defendant affirmatively asserts that it is a national organization that provides free support services to thousands of children suffering from cancer throughout the United States each year.  Defendant affirmatively asserts that its charitable programs include but are not limited to providing information services to families fighting childhood cancer and providing wigs, care packages and educational tools to children suffering from cancer.

## JURISDICTION AND VENUE

3.    Answering paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff alleges that it is bringing this action under sections 32 and 43 of the Lanham Act and Michigan common law but denies that those statutory provisions or common law provide a basis for the allegations against the Childhood Leukemia Foundation, Inc. and therefore deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

2

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.


## CLF'S VALUABLE INTELLECTUAL PROPERTY

6.      Answering paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies same.

7.      Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant acknowledges that Plaintiff owns a United States trademark registration  for CLF, that said mark is registered on the Principal Register of the United States Patent Office, and that said registration number is 2,857,880.  Defendant denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 10 of Plaintiff's Complaint

20769919.1

and therefore denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant acknowledges that Plaintiff owns a United States trademark registration for CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN, that said mark is registered on the Principal Register of the United States Patent Office, and that said registration number is 2,861,881. Defendant denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

## DEFENDANT'S USE OF CLF'S PROPERTY

15.     Answering paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

20769919.1

16.     Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.  Defendant affirmatively states that Plaintiff acknowledges in paragraphs 23 and 24 that Plaintiff has used Charity Navigator and relies upon same as an assessment tool for the purpose of rating charities and, in particular, for assessing Defendant Childhood Leukemia Foundation, Inc. and rating its performance.  Defendant further affirmatively states that Charity Navigator, as part of its assessment, provides a list of "Charities Performing Similar Types of Work" and compares those charities to Defendant Childhood Leukemia Foundation, Inc.. **Exhibit A,** Charity Navigator List of Charities Performing Similar Types of Work. Defendant affirmatively states that Charity Navigator does not list Plaintiff Children's Leukemia Foundation of Michigan, Inc. as a charity with a purpose or scope of work similar to Defendant's.  Defendant affirmatively states this is so even though Charity Navigator considers both "Highly Ranked" and "Most

20769919.1

Viewed" organizations performing work similar to Defendant Childhood Leukemia Foundation, Inc..

19.   Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

## DEFENDANT'S  USE OF CLF'S PROPERTY HAS LED TO CONFUSION

20.   Answering paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21.   Defendant admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.  Defendant affirmatively states that all allegations raised by Michigan Attorney General Bill Schuette have been resolved with no finding or admission of wrongdoing on the part of Defendant Childhood Leukemia Foundation, Inc..

22.   Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.   Defendant acknowledges it has received negative reviews on Yelp. Defendant denies the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.  Further, Defendant affirmatively states that Yelp's claim of having "the most trusted reviews" has recently been challenged as false, and therefore

false advertising, in a California state court.  **Exhibit B,** Forbes.  Defendant further affirmatively states that a class action lawsuit recently filed in California alleges that Yelp "allowed fake negative reviews to remain on its website in order to extract advertising money from local businesses" and that "the company's executives misled investors about its business practices in order to inflate Yelp's stock price."  **Exhibit C,** Gigaom.  Defendant further affirmatively states that one of the comments to the article enclosed as Exhibit C states that "Yelp is a fraud." *See* comments to **Exhibit C**.

24.     Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

## PLAINTIFF NOTIFIES DEFENDANT OF ITS CONDUCT

26.     Defendant acknowledges Plaintiff's letter of August 31, 2015. Defendant denies the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

20769919.1

28.     Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

## COUNT I

## <u>LANHAM  ACT - TRADEMARK  INFRINGEMENT</u>

32.     Answering paragraph 32 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

33.     Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

20769919.1

35.     Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

## COUNT II

## LANHAM ACT - UNFAIR COMPETITION

40.     Answering paragraph 40 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

41.     Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

20769919.1

43.     Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

## COUNT III

## <u>LANHAM ACT - FALSE DESIGNATION OF ORIGIN</u>

45.     Answering paragraph 45 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

46.     Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

## COUNT IV

## LANHAM ACT - FALSE  DESIGNATION OF <u>ORIGIN:  CYBERPIRACY AND DOMAIN NAME THEFT</u>

48.     Answering paragraph 48 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

10

20769919.1

49.     Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

## COUNT V

## LANHAM ACT - FALSE ADVERTISING

50.     Answering paragraph 50 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

51.     Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.  Defendant affirmatively states that Defendant Childhood Leukemia Foundation, Inc. does not advertise or sell goods or services in the State of Michigan, nor in any other state.  Defendant affirmatively states that it engages in charitable solicitations via telephone and other means, which constitute fully protected charitable speech subject to the strictest First Amendment scrutiny (and not advertising, sales or other commercial speech, which enjoy less First Amendment protection).   Furthermore, Defendant affirmatively states that by agreement with Michigan Attorney General Bill Schuette it has voluntarily ceased its charitable speech in Michigan and has agreed to never use the term "CLF" in Michigan again both to try to resolve the claims alleged herein and those

11

previously raised by the Attorney General (at the request of Plaintiff) without the need for litigation.  Defendant affirmatively states that all allegations raised by Michigan Attorney General Bill Schuette have been resolved with no finding or admission of wrongdoing.

## COUNT VI

## COMMON LAW TRADEMARK INFRINGEMENT

52.     Answering paragraph 52 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

53.     Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

20769919.1

## COUNT VII[1]

## COMMON LAW UNFAIR COMPETITION

55.    Answering paragraph 52 of Plaintiff's Complaint, Defendant incorporates by reference all previous admissions, denials and allegations set forth herein above.

56.    Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests this Court dismiss the Complaint with prejudice, and award Defendant all costs, expenses, and attorneys' fees incurred in defending this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant denies each and every allegation not expressly admitted herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

---

[1] It appears that Count VII was erroneously listed as a second Count VI in Plaintiff's Complaint.  Accordingly, Defendant Childhood Leukemia Foundation, Inc. refers to the second Count VI as "Count VII" herein.

20769919.1

Plaintiff's Complaint is barred by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has suffered prejudice due to Plaintiff's delay in bringing the action.

## FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's Complaint is barred by the applicable Statutes of Limitations, estoppel, waiver, res judicata, absence of contractual, respondent superior, or principal-agent responsibility for the conduct of others, and any other matter constituting an avoidance or affirmative defense that may become known during the course of discovery.

## SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's claims are moot.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges the defenses set forth in Rule 12(b) (1), (3) and (6).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks jurisdiction under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§1114 and 1125.

20769919.1

## NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks subject matter jurisdiction under Michigan state law. Defendant affirmatively and specifically alleges that the Court lacks jurisdiction as to all Michigan state law claims alleged; that Plaintiff has no statutory or common law basis to assert said state law claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the First Amendment.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has superior rights nationally in the CLF trademark.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Defendant's fair use.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's use of its own distinct name and the generic and commonly descriptive acronym of its own name are fair and in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands.

20769919.1

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties to this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action herein constitutes malicious prosecution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts any and all affirmative defenses which may become known through the course of discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant asserts any and all affirmative defenses available under applicable law.

20769919.1

## DEFENDANT CHILDHOOD LEUKEMIA FOUNDATION, INC.'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT CHILDREN'S LEUKEMIA FOUNDATION OF MICHIGAN, INC.

1.     Defendant/Counterclaim Plaintiff Childhood Leukemia Foundation, Inc. (hereinafter "Childhood") brings this counterclaim seeking a declaratory judgment and a preliminary and permanent injunction to restrain Plaintiff/Counterclaim Defendant Children's Leukemia Foundation of Michigan, Inc. ("hereinafter "Children's") from making further defamatory statements regarding Defendant Childhood, and damages.

## PARTIES

2.     Defendant Childhood Leukemia Foundation, Inc. is a national not-for-profit organization located in Brick, New Jersey.  Defendant Childhood provides free support services to thousands of children suffering from cancer throughout the United States each year.  Its fundraising and the reach of its programs transcend the entire geographic United States.  Defendant Childhood has fundraised in most if not all of the states for at least the last twenty (20) years.  Defendant Childhood's charitable programs include but are not limited to providing information services to families fighting childhood cancer and providing wigs, care packages and educational tools to children suffering from all types of cancer.

17

3.     Plaintiff Children's Leukemia Foundation of Michigan, Inc. is a statewide organization located in Troy, Michigan.  Plaintiff Children's provides information, financial assistance, and emotional support to Michigan families that have been affected by leukemia, lymphoma, and related blood disorders.  *See* Plaintiff's Complaint, ¶ 1.  Plaintiff Children's raises funds and provides charitable programs only in Michigan.  *See* Plaintiff Children's website, http://leukemiamichigan.org/about-us/ (last visited Jan. 28, 2016).

## JURISDICTION AND VENUE

4.     Defendant Childhood brings this Counterclaim against Plaintiff Children's under the common laws of the State of Michigan and seeks relief as provided under common law and Mich. Comp. Laws § 600.2911.

5.     Plaintiff Children's invoked the jurisdiction and venue of this Court by filing suit against Defendant Childhood herein.

6.     Plaintiff Children's is located in and organized under the laws of Michigan for purposes of personal jurisdiction.

7.     Plaintiff Children's made the defamatory verbal and written statements at issue herein in Michigan.  Plaintiff Children's made the defamatory statements with full knowledge of the harmful effects that such statements would

20769919.1

have on Defendant Childhood's reputation. Plaintiff Children's made the defamatory statements with actual malice and intent to harm Defendant Childhood.

### GENERAL ALLEGATIONS

8. Defendant Childhood incorporates herein by reference each and every of the above paragraphs.

9. Defendant Childhood was organized under the laws of the State of New Jersey in 1992 as a not-for-profit charitable organization and is exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code.

10. Defendant Childhood's mission and programs rely entirely on its goodwill, reputation, and public perception. Without continued support from the public in the form of charitable contributions, volunteerism and other gifts, the organization would not be able to continue providing aid to children who are suffering from cancer throughout the United States.

11. Since its inception, Defendant Childhood's reach has been national in scope as it provides information services, wigs, care packages and educational tools to children suffering from all types of cancer throughout the United States.

12. Defendant Childhood first used the mark "Childhood Leukemia Foundation" and the generic acronym of its name, "CLF," in interstate commerce

in 1995.  *See* USPTO, Registration No. 2169459, available at www.uspto.gov.  *See* **Exhibit D**.

13.     Defendant Childhood has used the marks "Childhood Leukemia Foundation" and "CLF" continuously for more than twenty (20) years in program service and solicitations for charitable contributions in the State of Michigan and nationally.

14.     At the time of the filing of this lawsuit, Defendant Childhood has been registered with the Michigan Attorney General's Office to solicit charitable contributions in the State of Michigan for approximately twenty (20) years.

15.     On or about May 1995, Defendant Childhood first registered to solicit charitable contributions in the State of Michigan under its marks, using the generic acronym "CLF."  State charitable registration filings are public filings.

16.     Defendant Childhood's use of its legal name and use of the generic acronym of its own name "CLF" has been made available to the public on Charity Navigator's website since 2002.  *See* **Exhibit A**.  In fact, if you search for "CLF" on Charity Navigator's website today, the first hit you see is Childhood Leukemia Foundation, Inc. with Children's Leukemia Foundation of Michigan, Inc.

20769919.1

following it.  This is only logical as "CLF" is the generic acronym of Childhood Leukemia Foundation, Inc.'s legal name.

17.     Plaintiff Children's admits to using and relying upon Charity Navigator as a resource for publicly available information about charitable organizations and, specifically, for reviewing and assessing Defendant Childhood's performance.  *See* Plaintiff's Complaint, ¶¶ 23, 24.

18.     Documents made available on Charity Navigator's website include Defendant Childhood's IRS Forms 990, which are the annual information returns filed by charitable organizations with the IRS and made available to the public.

19.     Defendant Childhood's IRS Forms 990 as published on Charity Navigator's website date back to 2010, and they all refer to Defendant Childhood as "CLF."  *See* Charity Navigator, http://www.charitynavigator.org/index.cfm?bay=search.irs&ein=521825483#.VnQ 4Z7YrLBQ (last visited Dec. 18, 2015) (currently showing IRS Forms 990 dating back to 2010, referring to Defendant Childhood as "CLF," and *noting on each Form that Defendant Childhood is licensed to solicit charitable contributions in Michigan as well as nationally and that this Form is publicly filed in the State of Michigan as well as nationally*) (emphasis added).

21

20.    Plaintiff Children's knew or should have known that Defendant Childhood was using Defendant Childhood's own legal name and the commonly descriptive and generic acronym of its own name for more than twenty (20) years.

21.    At the time Plaintiff Children's registered its marks for "Children's Leukemia Foundation of Michigan" and "CLF" on July 13, 2004 and June 29, 2004, respectively, Plaintiff Children's was on constructive notice through its USPTO registration that Defendant Childhood had already registered its logo and mark "Childhood Leukemia Foundation," and had been using its name, logo, and the generic acronym of its own name "CLF" in interstate commerce in Michigan and nationally since 1995, and on its website, www.clf4kids.com, since 2002.

22.    On or about August 2015, Plaintiff Children's complained to Michigan Attorney General Bill Schuette about Defendant Childhood's use of the acronym of Defendant Childhood's name "CLF".

23.    On or about August 31, 2015, Plaintiff Children's sent Defendant Childhood a cease and desist letter demanding that Defendant Childhood cease using the generic acronym of Childhood's own name, "CLF," and to cease and desist using Childhood's website domain name, www.clf4kids.com, immediately.

20769919.1

No one has registered a federal trademark for "clf4kids" or www.clf4kids.com, and Defendant Childhood is the sole owner of that domain name.

24.    On or about September 4, 2015, Michigan Attorney General Bill Schuette issued a Notice of Intended Action and Cease and Desist Order against Defendant Childhood relating to allegations of violations of Michigan's charitable solicitation laws but not alleging any violation as a result of its use of "CLF" or "www.clf4kids.com."

25.    On or about September 8, 2015, Michigan Attorney General Bill Schuette issued a press release that his office had issued a Notice of Intended Action and Cease and Desist Order to Childhood.   In this September 8 press release, the Attorney General refers to Defendant Childhood as "Childhood Leukemia Foundation Inc. *(CLF)*, a New Jersey-based 501(c)(3) charity. . . ."  *See* State of Michigan, Attorney Bill Schuette, http://www.michigan.gov/ag/0,4534,7-164-17337_18095-364191--,00.html (last visited Jan. 28, 2016) (emphasis added) (noting Attorney General's use of generic acronym of Childhood's name "(CLF)").

26.    On or about September 15, 2015, Plaintiff Children's published a letter on the world wide web from its President, Heidi Grix, to all friends of the Children's Leukemia Foundation of Michigan, Inc., stating, in relevant part:

20769919.1

Michigan Attorney General, Bill Schuette, announced last week that he has ordered a New Jersey based organization to stop making harassing phone calls to Michigan residents. This national organization has a name very similar to ours: "Childhood Leukemia Foundation". Indeed, this organization uses our registered trademark—"CLF"--in communications and on its website. ***The use of our "CLF" trademark is not only confusing to our many supporters and generous donors, but also it is a violation of federal trademark law.*** In response, and to protect the good name of CLF, we have engaged volunteer legal support to take the necessary steps to ***stop this organization's illegal use of our name.***

*See* http://leukemiamichigan.org/wp-content/uploads/2010/01/Childhood-Leukemia-Foundation-Letter-2015.pdf (last visited Jan. 28, 2016), **Exhibit E**.

27.     Plaintiff Children's statement about Defendant Childhood's use of the generic acronym of Childhood's own name is false and defamatory.

28.     Even the Attorney General referred to Childhood by its generic acronym, "(CLF)," in its press release published on the State of Michigan website.

29.     Plaintiff Children's false statement was published on the world wide web and available for the world to see.

30.     Because this statement is false and because no trier of fact has yet considered the merits of Plaintiff Children's allegations of trademark infringement against Defendant Childhood and Childhood's defenses to same, this statement

was made by Plaintiff Children's with, at a very minimum, a reckless disregard for the truth.

31.     Plaintiff Children's has continued to post the above-referenced, false and defamatory statements on Plaintiff Children's website, and Plaintiff Children's has refused to remove the letter from same despite multiple oral and written requests from Defendant Childhood to take it down.

32.     On or about November 10, 2015, Defendant Childhood executed a Release and Settlement Agreement with Michigan Attorney Bill Schuette agreeing to resolve all claims between the State of Michigan and Childhood with no finding or admission of wrongdoing.

33.     As part of its Agreement with the Attorney General and to resolve the claims of confusion raised by Plaintiff Children's and, upon Plaintiff Children's request, by the Attorney General, and despite its disagreement with Plaintiff Children's claims and affirmative defenses thereto, Defendant Childhood agreed to never use the term "CLF" in Michigan charitable solicitations again.

34.     Notwithstanding, before the ink was barely dry on Defendant Childhood's Settlement Agreement with the Michigan Attorney General, pursuant to which it agreed to cease using "CLF" in Michigan charitable solicitations ever

20769919.1

again, Plaintiff Children's filed the instant lawsuit seeking declaratory and injunctive relief, including permanent injunctive relief against Defendant Childhood's use of "CLF" in Michigan moving forward.

35.   On or about January 25, 2016, Plaintiff Children's by and through counsel falsely accused Defendant Childhood of making multiple charitable solicitation telephone calls to a Michigan resident in January 2016 in violation of Defendant Childhood's agreement with Michigan Attorney General Bill Schuette.

36.   On or about January 25, 2016, Plaintiff Children's by and through counsel sent a copy of a complaint received by Plaintiff Children's from a Michigan resident alleging "multiple" harassing telephone calls were received by "Children's Leukemia Foundation" and cited the telephone number of the caller as "248-429-4201."  **Exhibit F**.

37.   Despite Plaintiff Children's false claims to the contrary, Defendant Childhood did not make the calls alleged in the January 19, 2016 complaint received by counsel for Plaintiff Children's.  Defendant Childhood ceased all charitable solicitation activity in the State of Michigan in November 2015. Furthermore, Defendant Childhood is not "Children's Leukemia Foundation."

20769919.1

38.    Defendant Childhood has never placed a call from "248-429-4201," neither from its in-house calling operation nor by or through any contracted fundraiser.  That telephone number is not used by and has never been used by or on behalf of Childhood Leukemia Foundation, Inc..  Defendant Childhood did not make the calls referenced therein. Accordingly, this is not a complaint against or relating to Childhood Leukemia Foundation, Inc., and the accusations of Plaintiff Children's are false and defamatory.

39.    Without first investigating the alleged telephone call, Plaintiff Children's by and through counsel notified the Attorney General of the call, falsely attributed the call to Defendant Childhood, and falsely alleged that Childhood violated its agreement with the Michigan Attorney General.

40.    Counsel for Plaintiff Children's stated "We have also been in contact with Michigan Assistant Attorney General Will Bloomfield to apprise him of this situation."

41.    Counsel for Plaintiff Children's further stated "I have confirmed the statement of this complaining individual, who has agreed to sign an Affidavit in support of his complaint, which we will share with the Michigan Attorney General's office."

20769919.1

42.     Had Plaintiff Children's exercised due diligence to test the veracity of the complaint and determine who the alleged "Children's Leukemia Foundation" that allegedly placed the calls is, Plaintiff Children's would have found that the alleged call(s) were not placed by Defendant Childhood.

43.     Defendant Childhood has demanded that Plaintiff Children's immediately contact Mr. Bloomfield of the Michigan Attorney General's Office and correct the false information it provided to him regarding Defendant Childhood.  Plaintiff Children's has not responded to Childhood's request.

44.     These false and defamatory statements damage the reputation of Defendant Childhood.

45.     Plaintiff Children's conduct is malicious and intended to harm Defendant Childhood's goodwill, regulatory relationships, and reputation.

46.     As a direct, proximate and intended result of the foregoing, Defendant Childhood has been damaged.

## COUNT I

## DEFAMATION

47.     Defendant Childhood realleges and incorporates herein by reference each and every of the above paragraphs.

28

48.     Plaintiff Children's made harmful, disparaging, defamatory and false statements about Defendant Childhood which Plaintiff Children's knew or had reason to know would be published on the world wide web and/or to Attorney General Bill Schuette.

49.     Plaintiff Children's knew that the statements were false or, at a minimum, published same with a reckless disregard for the truth.

50.     Plaintiff Children's statements were made negligently or with actual malice and Plaintiff Children's caused its false and defamatory statements to be published on the world wide web and/or to Attorney General Bill Schuette.

51.     The statements made by Plaintiff Children's caused harm and injury to Defendant Childhood.   Such statements harmed Defendant Childhood's reputation so as to lower Defendant Childhood in the estimation of the Michigan charitable community, the regulatory community, and all potential and prior Michigan donors.   Such statements further harm Defendant Childhood by falsely alleging illegal activity and breach of contract to state regulatory officials inciting potential investigation or action, which is costly to defend and wholly unnecessary given the falsity of the statements.   Such statements further harmed Defendant Childhood's reputation by deterring third persons from associating with Defendant

Childhood.   All of the statements were false and were published by Plaintiff Children's with the express purpose of causing harm and damage to Childhood.

52.     The unapproved and unauthorized false statements made by Plaintiff Children's were not privileged.

53.     Defendant Childhood has been damaged as a direct and proximate result of Plaintiff Children's defamation.

54.     Plaintiff Children's conduct is malicious.

## COUNT II

## PRELIMINARY INJUNCTIVE RELIEF

55.     Defendant Childhood realleges and incorporates herein by reference each and every of the above paragraphs.

56.     Plaintiff Children's is engaged in the practice of making frequent and continuous defamatory statements regarding Defendant Childhood.

57.     Such statements are causing damage to Defendant Childhood's goodwill and reputation and resulting in lost contributions or other charitable donations.   There is a real and imminent danger of irreparable harm to Defendant Childhood if Plaintiff Children's actions are not immediately enjoined.

20769919.1

58.    Mich. Comp. Laws § 600.2911 further provides for actual and punitive damages in cases of libel or slander.

WHEREFORE, Defendant Childhood demands judgment against Plaintiff Children's for a preliminary and permanent injunction against further defamatory statements, actual damages, punitive damages, and all other and further relief as may be appropriate.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES, COUNTERCLAIMS, CROSS-CLAIMS, AND THIRD PARTY CLAIMS

Defendant Childhood Leukemia Foundation, Inc. reserves the right to amend this Answer and these affirmative and other defenses, and to assert Counterclaims, Cross-Claims and/or Third Party Claims, if additional information is obtained through discovery.

WHEREFORE, Defendant respectfully requests this Court:

A.    Grant judgment in favor of Defendant Childhood Leukemia Foundation, Inc. and against Plaintiff;

B.    Award Defendant all costs, expenses, and attorneys' fees incurred with regard to this action;

20769919.1

C. Permanently enjoin Plaintiff from making further defamatory statements; and

D. Award Defendant actual damages, punitive damages, and any other appropriate relief.

20769919.1

## **JURY DEMAND**

Defendant/Counterclaim Plaintiff Childhood Leukemia Foundation, Inc., by and through counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted

Honigman Miller Schwartz and Cohn LLP

By:/s/ Judy B. Calton
    John J. Rolecki (P78460)
    Judy B. Calton (P38733)
660 Woodward Avenue
Suite 2290
Detroit, MI  48226
(313) 465-7558
(313) 465-7334
jrolecki@honigman.com
jcalton@honigman.com

and

COPILIVITZ & CANTER, LLC
Karen Donnelly
310 W. 20th Street
Suite 300
Kansas City, MO 64108
(816) 218-1349
kdonnelly@cckc-law.com

*Attorneys for Defendant*

20769919.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHILDREN'S LEUKEMIA
FOUNDATION OF MICHIGAN
a Michigan nonprofit corporation,                    Case No. 15-cv-14035

      Plaintiff,                                      Hon. Stephen J. Murphy, III

v.

CHILDHOOD LEUKEMIA
FOUNDATION INC.
a New Jersey nonprofit corporation,

      Defendant.
_____

## CERTIFICATE OF SERVICE

     This is to certify that on January 29, 2016, a copy of the foregoing document was electronically filed with the Clerk of the Court using the ECF system.  Further, a copy of same has been sent to opposing counsel via electronic mail upon:

                BUTZEL LONG, PC
                Claudia Rast
                Jennifer Dukarski
                Christina Nassar
                301 E. Liberty, Suite 500
                Ann Arbor, MI 48104

20765572.2
20769919.1

Respectfully submitted

Honigman Miller Schwartz and Cohn LLP

By:/s/ Judy B. Calton
    John J. Rolecki (P78460)
    Judy B. Calton (P38733)
660 Woodward Avenue
Suite 2290
Detroit, MI  48226
(313) 465-7558
(313) 465-7334
jrolecki@honigman.com
jcalton@honigman.com

2